IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCORDIA D. TINDAL, | No. 11-06208 CW |
| Plaintiff, | ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT |
| v. | |
| WORLDMARK BY WYNDHAM and METLIFE AUTO & HOME INSURANCE, | |
| Defendants. | |

Plaintiff Concordia Tindal files an application for leave to proceed in forma pauperis (IFP). Having considered the papers filed by Plaintiff, the Court grants the application to proceed IFP and dismisses the complaint.

DISCUSSION

A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. See 28 U.S.C. § 1915(a). Plaintiff has submitted the required documentation, and it is evident from her application that her assets and income are insufficient to enable her to prosecute the action. Accordingly, the application to proceed without the payment of the filing fee is granted.

The Court's grant of Plaintiff's application to proceed IFP, however, does not mean that she may continue to prosecute her

complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Because a dismissal pursuant to § 1915(e)(2)(B) is not a dismissal on the merits, but rather an exercise of the court's discretion under the IFP statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

In her complaint, Plaintiff alleges that the documents she attaches to it prove that she has "to pay other expenses than time share vacation and car insurance which I stop driving when my car insurance expired." She also alleges, "Not yet bothering me, but just in case Metlife insist [sic] on paying the Ins. Co. I don't have to go back to court. I am ready to give them what the court gives me, a certification I cannot afford to pay."

It appears that Plaintiff is attempting to allege a claim under the Federal Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1962 et seq. The FDCPA prohibits a debt collector from engaging in abusive conduct in connection with collecting a debt. 15 U.S.C. § 1692d. Examples of abusive behavior are the use or threat of violence or harm to the person, reputation, or property of any person, or the use of obscene or profane language. See 15 U.S.C. §§ 1692d(1) and (2).

However, Plaintiff alleges that Defendants are "not yet bothering me." Therefore, Plaintiff alleges that Defendants are,

2

at the present time, not violating the FDCPA.

Article III of the Constitution of the United States limits the jurisdiction of federal courts to deciding cases and controversies. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 559 (1992). The doctrine of standing is a core component of the case-or-controversy requirement. <u>Id.</u> at 560. The litigant invoking federal jurisdiction must establish the three minimum requirements of standing: (1) a litigant must have suffered an actual and concrete injury consisting of "an invasion of a legally protected interest;" (2) there must be a causal connection between the injury and the conduct of which the litigant complains; and, (3) there must be a likelihood that the injury will be redressed by a favorable judicial decision. <u>Id.</u> at 560-61.

Because Defendants have not violated the FDCPA, Plaintiff has suffered no actual and concrete injury. Therefore, she lacks standing to sue and this Court lacks jurisdiction over her case.

Accordingly, the complaint is dismissed for lack of federal jurisdiction.

IT IS SO ORDERED.

Dated: 1/26/2012

CLAUDIA WILKEN
United States District Judge

3